NORTHRUP SCHLUETER
A Professional Law Corporation
Linda L. Northrup, Esq. (SBN: 102156)
Mathew R. Groseclose, Esq. (SBN 264680)
31365 Oak Crest Drive, Suite 250
Westlake Village, California 91361
Telephone: (818) 707-2600
Facsimile: (818) 707-2675
Email: lnorthrup@nsplc.com
       mgroseclose@nsplc.com

DICKS & WORKMAN, APC
Joseph G. Dicks, Esq. (SBN: 127362)
Linda G. Workman, Esq. (SBN: 128621)
750 B. Street, Suite 2720
San Diego, California 92101
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
Email: jdicks@dicks-workmanlaw.com
       lworkman@dicks-workmanlaw.com

Attorneys for Defendant, **United Brands Company, Inc.**

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BREANNA CUEVAS, as an individual, and on behalf of all other similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNITED BRANDS COMPANY, INC., a California corporation; 7-ELEVEN, INC., a Texas corporation; and DOES 1 through 20, inclusive,<br><br>　　　　　Defendants. | Case No. 11-cv-00991-M (RBB)<br><br>**SUPPLEMENTAL BRIEF OF UNITED BRANDS COMPANY, INC. IN SUPPORT OF MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**<br><br>DATE:　August 15, 2011<br>TIME:　10:30 a.m.<br>CRTRM: "13" |

///

-1-

N:\WPDOCS\NAS\Cuevas v. United 11-007\Pleading\Supplemental Brief.wpd
**Supplemental Brief**

Case No. 11-cv-00991-M (RBB)
Cuevas v. United Brands, et al.

## Supplemental Argument

The purpose of this brief is to supplement the legal argument contained in the memorandum submitted by United Brands Company, Inc. ("United Brands") supporting its motion to dismiss under F.R.C.P. 12(b)(6) filed on May 11, 2011. Specifically, this brief addresses *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504 (1992).[1]

In *Cipollone*, the plaintiff alleged causes of action for products liability, negligence, express warranty and intentional tort. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 509 (1992). Plaintiff's claims were premised on the manufacturer's "failure to warn" consumers of the dangers of cigarette use. *Id.* Defendants argued that federal law preempted the plaintiff's claims. A plurality of the Supreme Court agreed and held that under the Public Health Cigarette Smoking Act, which contains a preemption provision similar to the preemption provision in the Federal Alcohol Administration Act, certain common law claims, premised on a manufacturer's alleged "failure to warn" consumers, were preempted. *Id.* at 521-22 (plurality opinion).[2]

---

[1] The *Cipollone* case took a circuitous route towards resolution. After the initial district court ruling striking one of the defendant's defenses, the Third Circuit accepted an interlocutory appeal. The resulting opinion (789 F.2d 181) is discussed in United Brands' memorandum. Thereafter, the Supreme Court denied a petition for certiorari, and the case was remanded for further proceedings. After a trial, the case was again appealed to the Third Circuit (893 F.2d 541). This time, the Supreme Court granted a petition for certiorari. In the interest of clarity, this supplemental memorandum addresses the Supreme Court opinion that followed the second appeal, in particular, the portion of the opinion in which the Supreme Court effectively affirmed parts of the original *Cipollone* holding relevant to the present case.

[2] The PHCSA was enacted in 1969, and it amended the provisions of the Federal Cigarette Labeling and Advertising Act, in part by creating a broader preemption provision. *Id.* at 515. In the first part of the *Cipollone* opinion, the Supreme Court analyzed the language of the old FCLAA. The Court found that under that narrower preemption provision, it could not determine that common law claims

N:\WPDOCS\NAS\Cuevas v. United 11-007\Pleading\Supplemental Brief.wpd
**Supplemental Brief**

Case No. 11-cv-00991-M (RBB)
Cuevas v. United Brands, et al.

The Supreme Court discussed at length the Congressional purpose behind federal law precluding any state law requirement of warnings other than as prescribed in federal law. *Id.* at 514. The Supreme Court recognized Congress' dual intent of informing consumers while safeguarding interstate commerce from burdens stemming from non-uniform warnings. *Id.* Based on this Congressional purpose, a plurality of the Court affirmed the Third Circuit ruling that certain common law damages claims were preempted by the PHCSA. *Id.* at 521-22 (plurality opinion).

In the present case, Plaintiff claims that under California's Unfair Competition Law, False Advertising Law and Consumer Legal Remedies Acts, an additional warning was required for United Brands' Product. Since Plaintiff's claims are brought under state law, Plaintiff's claims are expressly preempted under the FAAA. The Supreme Court's plurality opinion in *Cipollone* demonstrates, as is argued in United Brands' memorandum with respect to the first Third Circuit opinion (789 F.2d 181), that the doctrine of implied preemption also precludes both Plaintiff's state law claims and common law claim for fraudulent concealment.

In *Cipollone*, the Supreme Court found that to the extent that the plaintiff's "failure to warn" claim was based on a theory that the manufacturer should have included an additional, or more clearly stated, warning, those claims were preempted. *Id.* at 524 (plurality opinion). Therefore, to the extent the plaintiff's fraud claim is based on the omission of such an additional warning– as opposed to being based on an affirmative misrepresentation of material fact– the plaintiff's claims are preempted. *Id.*

---

would necessarily be preempted. *Id.* at 519-20. However, under the amended preemption provision in the subsequently enacted PHCSA, a plurality of the Court found that certain common law claims were subject to preemption. The PHCSA, like the preemption provision in the FAAA here, precludes state law requiring additional warnings, not merely undefined "statements" regarding the relationship between a product and health.

-3-

N:\WPDOCS\NAS\Cuevas v. United 11-007\Pleading\Supplemental Brief.wpd
**Supplemental Brief**

Case No. 11-cv-00991-M (RBB)
Cuevas v. United Brands, et al.

at 527 (plurality opinion). Here, Plaintiff's fraudulent concealment claim is not premised on any alleged affirmative misrepresentation of material fact; it is based on the alleged omission of an additional warning. Thus, Plaintiff's fraudulent concealment claim, like the similar fraud claims in *Cipollone*, is preempted.

In summary, Plaintiff's claims brought under state law are both expressly and impliedly preempted. Moreover, the Supreme Court opinion in *Cipollone* further illustrates the scope of the doctrine of implied preemption and why Plaintiff's common law claim for fraudulent concealment is precluded under the doctrine of implied preemption. All claims in Plaintiff's Complaint are premised on United Brands' purported failure to warn consumers of the alleged effect on health stemming from a risk of intoxication from the United Brands' Product containing caffeine and alcohol. Under the express terms of the FAAA and the clear purpose of Congress, all of the claims as alleged are preempted.

Dated: May 17, 2011

NORTHRUP SCHLUETER
A Professional Law Corporation

By: s/ Mathew R. Groseclose
Linda L. Northrup, Esq.
Mathew R. Groseclose, Esq.
Attorney for Defendant,
**United Brands Company, Inc.**

-4-

N:\WPDOCS\NAS\Cuevas v. United 11-007\Pleading\Supplemental Brief.wpd
**Supplemental Brief**

Case No. 11-cv-00991-M (RBB)
Cuevas v. United Brands, et al.

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 31365 Oak Crest Drive, Suite 250, Westlake Village, California 91361.

On May 17, 2011, I served the foregoing document, described as:

**SUPPLEMENTAL BRIEF OF UNITED BRANDS COMPANY, INC. IN SUPPORT OF MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**

__X__   **VIA U.S. FIRST CLASS MAIL** - I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing. Under that practice it is deposited with the U.S. Postal Service on that same day with first-class postage thereon fully prepaid at Westlake Village, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as stated in this affidavit to addressees as follows:

John D. Lombardo, Esq.
Arnold & Porter, LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844

__X__   **ELECTRONIC TRANSMISSION** - The document(s) was served by the court via NEF and hyperlink to the document. On May 11, 2011, I checked the US District Court CM/ECF docket for this case or adversary proceeding and determined that the person(s) listed on the Court's Electronic Mail Notice List to receive NEF transmission at the email addresses indicated. The file transmission was reported as completed and a copy of the "CM/ECF Filing Receipt" page(s) will be maintained with the copy of this document in our office.

__X__   **FEDERAL** - I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed May 17, 2011, at Westlake Village, California.

_____
DIANA ANDERSON