**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

CUEVAS v. UNITED BRANDS CO.                              Case No. 11cv0991 BTM(RBB)
                                                         **Time Spent:** _____

HON. RUBEN B. BROOKS        CT. DEPUTY VICKY LEE                         Rptr. ____

                              Attorneys
        Plaintiffs                              Defendants

Alan Mansfield                          Linda Northrup
Patrick Sheehan                         Houston Watson
Ben Lopatin                             Spencer Skeen

PROCEEDINGS:   ____ In Chambers      ____ In Court      ____ Telephonic


On December 3, 2012, Plaintiff and Defendant filed a Joint Motion to Extend Deadlines in Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [ECF No. 92]. In their Joint Motion, the parties acknowledge that the Court recently, on August 3, 2012, held a case management conference and issued an order setting deadlines for discovery, motion practice, and other pretrial proceedings. (Jt. Mot. Extend Deadlines 2, ECF No. 92.) Rather than pursue discovery, "the Parties have been attempting to negotiate a settlement of this ligation . . . the Parties have neither formally produced information pursuant to their outstanding discovery requests nor sought judicial intervention to resolve their existing discovery disputes . . . ." (Id.) At least as early as November 9, 2012, counsel for both sides understood that a disagreement existed over whether class notice was required to settle this matter and the scope of any notice. (Id.) That impasse continues. As a result, the parties have filed this Joint Motion.

Rule 16(b) of the Federal Rules of Civil Procedure states that "a [case management] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' . . . ." Id.

Here, the parties have not demonstrated continued diligence or even diligence since November 9th, when the apparent disagreement was apparent. Most deadlines in the Case Management Conference Order are not imminent. Counsel have not demonstrated that with diligence they cannot be met. The only possible exception is the deadline for filing a motion to certify the class. "Furthermore, mere stipulations by the parties do not constitute good cause for modification of a scheduling order." 3 James Wm. Moore et al., Moore's Federal Practice § 16.15[1][c], at 16-76 (3d ed. 2012) (footnote omitted).

For these reasons, the Court **GRANTS** the Joint Motion to Extend the deadline for filing the class certification motion thirty days to February 11, 2013. In all other respects, the Joint Motion [ECF No. 92] is **DENIED.**

DATE: <u>December 11, 2012</u>     IT IS SO ORDERED: _____
                                                    Ruben B. Brooks,
                                                    U.S. Magistrate Judge
cc: Judge Moskowitz                                 INITIALS: <u>VL (mg)</u> Deputy
    All Parties of Record

I:\Chambers Brooks\CASES\CUEVAS0991\Minute11.wpd